MEL S. MARTIN. P.C.
Mel S. Martin (Bar No. 2102)
Russell D. Harris (Bar No. 6563)
Attorneys for Plaintiff Teri Adams
5286 South Commerce Drive, #D292
Murray, Utah 84107
Telephone: (801) 263-1493

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| TERI ADAMS, an individual, | AMENDED COMPLAINT |
| Plaintiff, | JURY REQUESTED |
| vs. | |
| NATURE'S SUNSHINE PRODUCTS, INC., a Utah corporation, CURTIS SNOW, JON DEWYZE, DAN GESLISON, LARRY HUGHES, JEFFREY SWENSON, JASON WOOLEY, and JOHN DOES 7-10, individuals Defendants. | Civil No. 2-02CV-0566ST<br><br>Judge Ted Stewart<br><br>Magistrate Judge |

Plaintiff complains and alleges against defendants as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of Plaintiff's First and Second Claim for Relief pursuant to 28 U.S.C. §1331.

2. This Court has pendant jurisdiction over the subject matter of Plaintiff's Third, Fourth, and Fifth Claims for Relief.



3.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions complained of herein occurred within this judicial district.

## PARTIES

4.  Plaintiff Teri Adams ("Adams") is an individual residing in Utah County, Utah, and at all times relevant hereto was employed by Defendant Natures Sunshine Products, Inc. ("Sunshine").

5.  Sunshine is a Utah corporation with its principal place of business in Utah County, Utah.

6.  Curtis Snow, Jon DeWyze, Dan Geslison, Larry Hughes, Jeffery Swenson, Jason Wooley, and John Does 7 through 10 are officers, managers, and other employees of Sunshine who acted directly or indirectly in Sunshine's interest in relation to Adams, and who committed the acts and omissions described herein, including without limitation, all those persons who participated in, authorized, condoned, and/or ratified counseling sessions, disciplinary write-ups, refusal's to transfer, and Adams' termination because of or related to her FMLA rights, including her right to intermittent FMLA leave related to her migraine headache condition.

## PROCEDURAL REQUIREMENTS

7.  On or about November 28, 2001, Adams filed a Charge of Discrimination against Sunshine with the Anti-Discrimination Division and the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.

8.  On or about April 18, 2002, Adams received a Notice of Right to Sue from the EEOC. Exhibit A.

9. Plaintiff has complied with all jurisdictional and administrative prerequisites to bringing this action.

## FACTUAL ALLEGATIONS

10. Sunshine hired Adams in December 1993. Adams worked in Sunshine's Spanish Fork facility.

11. In 1995, Adams was injured in a car accident. As a result of her accident, she was diagnosed with recurrent migraine headaches, and other injuries.

12. Treatment for Adams' migraine headache condition has included: (a) in-patient care (overnight stay) at a hospital, including subsequent treatment in connection with such in-patient care; and (b) continuing treatment by licensed physicians for a period of incapacity that required periodic visits for treatment that has continued over a period of years, including episodic periods of incapacity.

13. Symptoms of Adams' migraine headache condition included recurring periods of total incapacitation during which time Adams would be forced to lay down in a dark room. Additional symptoms included, without limitation, substantial increased sensitivity to light, and substantial decreases in her ability to work, walk, exert force, think, and stand. Adams' recurrent migraine headaches and its related symptoms would last as short as a few hours, to as long as a day or two.

14. Adams' migraine headache condition required her to modify her lifestyle. She could no longer participate in horseback riding, four wheeling, and line dancing. In addition, she altered her sleeping and eating habits, and tried to limit her exposure to stress.

3

15. Adams gave Sunshine notice of her migraine headache condition in person, by telephone, in writing, and through a spokesperson. Her immediate supervisor at Sunshine prescribed "apple vinegar shooters" as a remedy for her migraine headache condition.

16. Adams requested accommodations for her migraine headache condition. Some of the accommodations she requested included, without limitation: (a) transfers to positions on the day shift or swing shift for which she was qualified; (b) periodic assistance carrying and handling heavy items; and (3) additional time-off.

17. Sunshine refused all accommodations requested by Adams, and failed or refused to offer any alternative accommodation.

18. Adams informed Sunshine of her treating physicians. However, Sunshine failed and refused to contact her physician or to discuss with Adams and/or her treating physicians any potential accommodations or other issues concerning Adams' migraine headache condition.

19. Adams was employed for at least 1,250 hours of service during the 12 month period immediately preceding her termination.

20. Sunshine employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

21. Defendants disciplined Adams for taking leave that she was eligible to take under the FMLA, including: (a) performing employee counseling sessions with Adams; (b) giving Adams disciplinary write-ups; (c) refusing Adams' request to transfer to another position; and (d) terminating Adams' employment on June 8, 2001.

22. After Adams' termination, Curtis Snow (employed in Sunshine's HR department) told Adams she should have taken FMLA leave to avoid termination.

23. Defendants' actions alleged herein, were done intentionally, willfully, and or with malice or a reckless indifference to Adams' federally protected rights.

## FIRST CLAIM FOR RELIEF
### (Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*("FMLA"))

24. Plaintiff incorporates paragraphs 1 through 23 above as if fully set forth herein.

25. Sunshine is an "employer" under the FMLA.

26. Curtis Snow, Jon DeWyze, Dan Geslison, Larry Hughes, Jeffery Swenson, Jason Wooley, and John Does 7 through 10 are "employers" under the FMLA.

27. Adams was eligible for leave under the FMLA.

28. Adams migraine headache condition is a serious health condition and/or a chronic serious health condition under the FMLA.

29. Sunshine, Curtis Snow, Jon DeWyze, Dan Geslison, Larry Hughes, Jeffery Swenson, Jason Wooley, and John Does 7 through 10 interfered with, restrained, and/or denied Adams' exercise or attempted exercise of rights under the FMLA.

30. Adams was damaged because of defendants' interference, restraint, and denial of Adams' FMLA rights in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"))

31. Plaintiff incorporates paragraphs 1 through 30 above as if fully set forth herein.

32. Adams is a qualified individual with a disability.

33. The acts and omissions of defendants, as described herein, constitute unlawful disability discrimination because defendants failed to make reasonable accommodation for plaintiffs' migraine headache condition, by among other things: (a) refusing to consider Adams' request to transfer to a similar position on the day shift; (b) refusing to assist Adams lifting and moving heavy items on those days that she was unable to perform those tasks because of her migraine headache condition; (c) refusing to allow additional time-off because of her migraine headache condition; and (d) refusing to enter into a flexible interactive process with Adams and/or her physicians to discuss reasonable accommodations and other issues related to her migraine headache condition.

34. The acts and omissions of defendants described herein constitute unlawful disability discrimination because defendants disciplined and terminated Adams because she was a qualified person with a disability.

35. Adams has been damaged by the unlawful disability discrimination perpetrated and permitted by defendants in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

36. Plaintiff incorporates paragraphs 1 through 35 above as if fully set forth herein.

37. At all times relevant to this action, Sunshine represented to Adams and to other employees orally and in various writings, including and not limited to, personnel policies, procedures manuals, and employee guidelines, that their employment relationship with Sunshine was based upon good faith, that employees would be treated fairly and equitably, that employees would receive certain benefits, and that employees would be provided a work environment free from unlawful retaliation and discrimination. These provisions and representations form part of Adams' express and/or implied employment contract with Sunshine.

38. Prior to Adams' termination of employment by Sunshine, Adams performed all conditions, duties and responsibilities required by her employment contract.

39. Sunshine breach its employment agreement with Adams by among other things: (a) discharging Adams for absences related to her migraine headache condition; (b) not permitting Adams to transfer to a related position on the day shift because of absences relating to her migraine headache condition; (c) counseling and disciplining Adams because of absences related to her migraine headache condition; (d) refusing to make reasonable accommodations related to her migraine headache condition; and (e) refusing to enter into a flexible interactive process with Adams and/or her physicians to discuss reasonable accommodations and other issues related to her migraine headache condition.

40. Plaintiff was damaged by Sunshine's breach in an amount to be proven at trial.

### **FOURTH CLAIM FOR RELIEF**
**(Good Faith and Fair Dealing)**

41. Plaintiff incorporates paragraphs 1 through 40 above as if fully set forth herein.

42. Adams' employment agreement with Sunshine has implied in law a covenant of good faith and fair dealing by which Sunshine promised to give full cooperation to Adams in her performance under the employment agreement and to refrain from any act that would prevent or impede Adams from performing all of the conditions of the agreement.

43. By their acts and omissions, as described herein, Sunshine breached its covenant of good faith and fair dealing with regard to Adams.

44. Adams has been and will continue to be damaged by Sunshine's breach of good faith and fair dealing in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Wrongful Discharge in Violation of Public Policy)

45. Plaintiff incorporates paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants violated public policy by punishing Adams as alleged herein, including disciplining her, refusing to accommodate her, discriminating against her because of her migraine condition, and terminating her employment because of absences related to her migraine headache condition.

47. The defendants' violation of the public policy was a substantial factor in Adams' discharge.

48. The defendants' conduct constituted a wrongful discharge in violation of public policy, entitling plaintiff to an award of compensatory damages, punitive damages, and attorney fees and costs.

## PRAYER

WHEREFORE, Adams prays for the following relief:

1. On her First Claim for Relief (FMLA), against Sunshine, Curtis Snow, Jon DeWyze, Dan Geslison, Larry Hughes, Jeffery Swenson, Jason Wooley, and John Does 8 through 10, jointly and severally, for: (a) actual damages, including wages, salary, employment benefits, and other lost compensation; (b) interest at the legal rate on the amount listed in (a); (c) liquidated damages in the amount of (a) and (b); (d) appropriate equitable relief, including employment, reinstatement, and promotion; (e) reasonable attorney fees, expert witness fees, and all other costs of suit; and (f) any other relief which the court deems just and equitable.

2. On her Second Claim for Relief (ADA), against Sunshine for: (a) actual damages (including compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life); (b) punitive damages; (c) appropriate equitable relief including employment, reinstatement, and promotion; (d) back pay and front pay; (e) reasonable attorney fees and costs of suit; (f) pre- and post-judgment interest; and (g) any other relief which the court deems just and equitable.

3. On her Third Claim for Relief (Contract) against Sunshine for actual damages, attorney fees and costs, statutory pre- and post-judgment interest, and other and further relief which the court deems just and equitable.

4. On her Fourth Claim for Relief (Good Faith and Fair Dealing) against Sunshine for actual damages, attorney fees and costs, statutory pre- and post-judgment interest, and other and further relief which the court deems just and equitable.

5. On her Fifth Claim for Relief (Wrongful Discharge in Violation of Public Policy) against Sunshine for actual damages, punitive damages, attorney fees and costs, statutory pre- and post-judgment interest and such other and further relief as the court deems just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests that this action be tried to a jury on all issues so triable.

Respectfully submitted this \_\_14\_\_ day of \_\_May\_\_, 2003.

MEL S. MARTIN, P.C.

*Mel S. Martin*
Russell D. Harris
Attorneys for Plaintiff Teri Adams

Plaintiff's Address:
P.O. Box 97
Springville, UT 84663-0097